UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TAYLOR O' LEARY,

                             *Plaintiff,*

        -against-

INVERSIONES ZAHENA S.A., PALACE
HOLDING S.A DE C.V., HOLDING
INTERNACIONAL, S.A. DE C.V., AND HARD
ROCK CAFE INTERNATIONAL (STP), INC.

                           *Defendants*.

------------------------------------------------------------------X

**CASE NO.:** 1:25-cv-06056

**COMPLAINT AND JURY DEMAND**

Plaintiff, **TAYLOR O' LEARY**, by and through her attorneys ***MULÉ LAW, P.C.***, complaining of the Defendants ***INVERSIONES ZAHENA S.A., PALACE, HOLDING S.A DE C.V., HOLDING, INTERNACIONAL, S.A. DE C.V., AND HARD ROCK CAFE INTERNATIONAL (STP), INC***. (hereinafter the "Defendants") respectfully alleges upon information and belief as follows:

1. This is a tort action for personal injuries, pain and suffering, and economic damages, *inter alia*, sustained by the Plaintiff as a result of the Defendant's negligence, hospitality negligence, and negligent hiring and retention on or about July 24, 2022.

2. Jurisdiction is predicated upon 28 U.S.C. § 1332 (a)(2), diversity of citizenship.

3. Jurisdiction is also predicated upon 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4. Venue lies in the Southern District of New York pursuant to 18 U.S.C. § 1391(b)(3) in that Defendant HARD ROCK CAFE INTERNATIONAL (STP), INC. is subject to the Court's personal jurisdiction in the County of New York, as well as the State of Florida.

5. At all times herein mentioned, the Plaintiff, **TAYLOR O' LEARY**, was and still is a citizen of the State of New York.

6.  At all times herein mentioned, the Plaintiff, **TAYLOR O' LEARY**, was and still is a resident of the County of Kings, State of New York.

7.  At all times herein mentioned, Defendant, **HARD ROCK CAFE INTERNATIONAL (STP), INC.**, was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of Florida, with its principal place of business in Davie, Florida.

8.  At all times herein mentioned, Defendant, **INVERSIONES ZAHENA S.A.**, was and is a Dominican Republic corporation, with its principal place of business in Punta Cana, Dominican Republic.

9.  At all times herein mentioned, Defendant, **INVERSIONES ZAHENA S.A.**, was and is a foreign business corporation doing business and/or transaction business in and with business entities in the State of New York and should have reasonably expected its acts to have consequences within the State of New York.

10. At all times herein mentioned, Defendant, **INVERSIONES ZAHENA S.A.**, was and is a foreign business entity duly organized under the laws of a jurisdiction outside the United States and conducting business in connection with the Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.**

11. At all times herein mentioned, Defendant, **PALACE, HOLDING S.A DE C.V.**, was and is a Mexican corporation, with its principal place of business in Cancun, Quintana Roo, Mexico.

12. At all times herein mentioned, Defendant, **PALACE, HOLDING S.A DE C.V.**, was and is a foreign business corporation doing business and/or transaction business in and with business entities in the State of New York and should have reasonably expected its acts to have consequences within the State of New York.

13. At all times herein mentioned, Defendant, **PALACE HOLDING S.A DE C.V.**, was and

is a foreign business entity duly organized under the laws of a jurisdiction outside the United States and conducting business in connection with the Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.**

14. At all times herein mentioned, Defendant, **HOLDING INTERNACIONAL, S.A. DE C.V.,** was and is a Mexican corporation, with its principal place of business in Puerto Vallarta, Jalisco, Mexico.

15. At all times herein mentioned, Defendant, **HOLDING INTERNACIONAL, S.A. DE C.V.,** was and is a foreign business corporation doing business and/or transaction business in and with business entities in the State of New York and should have reasonably expected its acts to have consequences within the State of New York.

16. At all times herein mentioned, Defendant, **HOLDING INTERNACIONAL, S.A. DE C.V.,** was and is a foreign business entity duly organized under the laws of a jurisdiction outside the United States and conducting business in connection with the Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.**

## AS AND FOR A FIRST CAUSE OF ACTION
### (NEGLIGENCE)

17. That Plaintiff, TAYLOR O' LEARY repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "8" herein as though same more fully set forth at length herein.

18. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, owned the premises and appurtenances and fixtures thereto, located at Boulevard Turístico del Este, Km 28 Parcela 74, Macao, Punta Cana Seccion Salado Municpio de Higuey Provincia La Altagracia, Dominican Republic (hereinafter

the "Hard Rock Hotel & Casino – Punta Cana" and/or "Premises").

19. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, operated the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

20. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, managed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

21. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, controlled the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

22. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, maintained the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

23. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, repaired the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

24. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, inspected the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

25. That on or about July 24, 2022, and at all times herein mentioned, Defendant **INVERSIONES ZAHENA S.A.**, designed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

26. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**INVERSIONES ZAHENA S.A.**, through their agents, servants, and/or employees was responsible for maintaining the Hard Rock Hotel & Casino – Punta Cana in a reasonably safe condition.

27. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, owned the premises and appurtenances and fixtures thereto, located at Boulevard Turístico del Este, Km 28 Parcela 74, Macao, Punta Cana Seccion Salado Municpio de Higuey Provincia La Altagracia, Dominican Republic (hereinafter the "Hard Rock Hotel & Casino – Punta Cana").

28. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, operated the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

29. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, managed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

30. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, controlled the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

31. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, maintained the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

32. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.**, repaired the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

33. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.,** inspected the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

34. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.,** designed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

35. That on or about July 24, 2022, and at all times herein mentioned, Defendant **PALACE HOLDING S.A DE C.V.,** through their agents, servants, and/or employees was responsible for maintaining the Hard Rock Hotel & Casino – Punta Cana in a reasonably safe condition.

36. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HOLDING INTERNACIONAL, S.A. DE C.V.,** owned the premises and appurtenances and fixtures thereto, located at Boulevard Turístico del Este, Km 28 Parcela 74, Macao, Punta Cana Seccion Salado Municpio de Higuey Provincia La Altagracia, Dominican Republic (hereinafter the "Hard Rock Hotel & Casino – Punta Cana").

37. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HOLDING INTERNACIONAL, S.A. DE C.V.,** operated the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

38. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HOLDING INTERNACIONAL, S.A. DE C.V.,** managed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

39. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** controlled the premises and appurtenances

and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

40. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** maintained the premises and appurtenances

and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

41. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** repaired the premises and appurtenances and

fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

42. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** inspected the premises and appurtenances and

fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

43. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** designed the premises and appurtenances and

fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

44. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HOLDING INTERNACIONAL, S.A. DE C.V.,** through their agents, servants, and/or

employees was responsible for maintaining the Hard Rock Hotel & Casino – Punta Cana in a

reasonably safe condition.

45. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HARD ROCK CAFE INTERNATIONAL (STP), INC.,** owned the premises and

appurtenances and fixtures thereto, located at Boulevard Turístico del Este, Km 28

Parcela 74, Macao, Punta Cana Seccion Salado Municpio de Higuey Provincia La

Altagracia, Dominican Republic (hereinafter the "Hard Rock Hotel & Casino – Punta Cana").

46. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** operated the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

47. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** managed the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

48. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** controlled the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

49. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** maintained the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

50. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC., r**epaired the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

51. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** inspected the premises and appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

52. That on or about July 24, 2022, and at all times herein mentioned, Defendant **HARD ROCK CAFE INTERNATIONAL (STP), INC.,** designed the premises and

appurtenances and fixtures thereto, located at the Hard Rock Hotel & Casino – Punta Cana.

53. That on or about July 24, 2022, and at all times herein mentioned, Defendant

**HARD ROCK CAFE INTERNATIONAL (STP), INC.,** through their agents, servants, and/or

employees was responsible for maintaining the Hard Rock Hotel & Casino – Punta Cana in a

reasonably safe condition.

54. That on or about July 24, 2022, Plaintiff TAYLOR O'LEARY was lawfully present

on the aforesaid Hard Rock Hotel & Casino – Punta Cana with the knowledge, permission,

and consent of the Defendants.

55. That on or about July 24, 2022, Plaintiff TAYLOR O'LEARY was lawfully at the

aforesaid Hard Rock Hotel & Casino – Punta Cana, as an invitee of the Defendants.

56. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an

invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out

of a golf cart and be violently precipitated to the ground, sustaining serious and permanent injuries

as a result of the negligence, carelessness, and recklessness of the Defendants, their agents,

servants and/or employees.

57. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an

invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out

of a golf cart and be violently precipitated to the ground due to a wet, slippery condition on the

seat of the golf cart which Defendants had failed to properly inspect, maintain, dry, or warn about.

58. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an

invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out

of a golf cart due to the Defendants negligence, carelessness, and recklessness in operating the

aforesaid golf cart.

59. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart due to the negligence, carelessness, and recklessness of the Defendants, their agents, servants, and/or employee in operating the aforesaid golf court.

60. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart and be violently precipitated to the ground due to a defective, dangerous, hazardous, and unsafe condition(s) caused by the Defendants.

61. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, Defendants allowed a dangerous, hazardous, and unsafe condition to exist on the golf cart and at the Premises and failed to provide any notice, warning, signage, or barricades for invitees lawfully upon the Premises.

62.  That said contact caused Plaintiff TAYLOR O'LEARY to sustain severe, serious, and permanent personal injuries.

63. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendant's agents, servants, and/or employees in the ownership, operation, management, maintenance, repair, control, inspection, and design of the aforesaid Hard Rock Hotel & Casino – Punta Cana.

64. The above-mentioned occurrence, and the results thereof, were caused by the negligence of the Defendants and/or said Defendant's agents, servants and/or employees in failing to remedy the defective, dangerous, hazardous, and unsafe condition(s) despite constructive and/or actual notice of the defective condition(s).

65. That the aforesaid occurrence was caused solely by the reason of the negligence of the

Defendants, herein, and without any negligence on the part of the Plaintiff contributing thereto.

66. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

67. By the reason of the above, Plaintiff TAYLOR O'LEARY brings this action for conscious pain and suffering, and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

68. By reason of the above, Plaintiff TAYLOR O'LEARY sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

69. That by reason of the foregoing, Plaintiff TAYLOR O'LEARY was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

70. This action falls within one or more of the exceptions set forth in CPLR § 1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

71.  Pursuant to CPLR § 1602 (2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that the Defendants owed Plaintiff TAYLOR O'LEARY a non-delegable duty of care.

72. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of its servants, agents, servants, and/or employees

73. Pursuant to CPLR § 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that said Defendants acted with reckless disregard for the safety of others.

74. That as a result of the foregoing, as and for the cause of action Plaintiff, TAYLOR O'LEARY was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### (HOSPITALITY NEGLIGENCE)

75. That Plaintiff, TAYLOR O' LEARY repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "66" herein as though same more fully set forth at length herein.

76. Defendants, as owners and operators of a hospitality resort, the Hard Rock Hotel & Casino – Punta Cana, owed a non-delegable duty to Plaintiff to ensure that the Premises were safe for business invitees.

77. Defendants knew or should have known of the defective, dangerous, hazardous, and unsafe condition(s) existing on the golf cart, including but not limited to the wet and slippery seat surface.

78. While Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart due to the Defendants negligence, carelessness, and recklessness in operating the aforesaid golf cart.

79. While Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart due to the negligence, carelessness, and recklessness of the Defendants, their agents, servants, and/or employee in operating the aforesaid golf court.

80. Despite this knowledge, Defendants failed to remedy the defective, dangerous, hazardous, and unsafe condition(s) or warn Plaintiff of the defective, dangerous, hazardous, and unsafe condition(s) and permitted the condition(s) to persist.

81. That the aforesaid occurrence was caused solely by the reason of the negligence of the Defendants, herein, and without any negligence on the part of the Plaintiff contributing thereto.

82. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

83. By the reason of the above, Plaintiff TAYLOR O'LEARY brings this action for conscious pain and suffering, and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

84. By reason of the above, Plaintiff TAYLOR O'LEARY sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

85. That by reason of the foregoing, Plaintiff TAYLOR O'LEARY was caused to sustain serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

86. This action falls within one or more of the exceptions set forth in CPLR § 1602, and as such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

87. Pursuant to CPLR § 1602 (2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that the Defendants owed Plaintiff TAYLOR O'LEARY a non-delegable duty of care.

88. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of

Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective

of the provisions of CPLR § 1601, by reason of the fact that said Defendants are vicariously liable

for the negligent acts and omissions of its servants, agents, servants, and/or employees.

89. Pursuant to CPLR § 1602(7), Defendants are jointly and severally liable for all of

Plaintiff's damages, including but not limited to Plaintiff's non-economic damages, irrespective

of the provisions of CPLR § 1601, by reason of the fact that said Defendants acted with reckless

disregard for the safety of others.

90. That as a result of the foregoing, as and for the cause of action Plaintiff, TAYLOR

O'LEARY was damaged in a sum which exceeds the jurisdictional limits of all lower courts which

would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## (NEGLIGENT HIRING AND RETENTION)

91. That Plaintiff, TAYLOR O' LEARY repeats, reiterates, and realleges each and

every allegation contained in paragraphs "1" through "82" herein as though same more

fully set forth at length herein.

92. Defendants were responsible for hiring, training, and supervising their agents, servants,

and/or employees who were responsible for cleaning, preparing, and operating golf carts for

invitee use.

93. Upon information and belief, the agents, servants, and/or employees were inadequately

trained, improperly supervised, or negligently performed their duties

94. Defendants' failure to ensure proper training and supervision of their agents, servants,

and/or employees directly contributed to the unsafe condition that led to Plaintiff's injury

95. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an

invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart and be violently precipitated to the ground, sustaining serious and permanent injuries as a result of the negligence, carelessness, and recklessness of the Defendants, their agents, servants and/or employees.

96. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart and be violently precipitated to the ground due to a wet, slippery condition on the seat of the golf cart which Defendants, their agents, servants and/or employees had failed to properly inspect, maintain, dry, or warn about.

97. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart due to the negligence, carelessness, and recklessness of the Defendants, their agents, servants and/or employees, in operating the aforesaid golf cart.

98. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, she was caused to be ejected out of a golf cart and be violently precipitated to the ground due to a defective, dangerous, hazardous, and unsafe condition(s) caused by the Defendants, their agents, employees, and/or servants.

99. That on or about July 24, 2022, while Plaintiff TAYLOR O' LEARY was lawfully an invitee at the aforesaid Hard Rock Hotel & Casino – Punta Cana, Defendants, their agents, servants and/or employees allowed a dangerous, hazardous, and unsafe condition to exist on the golf cart and at the Premises and failed to provide any notice, warning, signage, or barricades for invitees lawfully upon the Premises.

100.        That the aforesaid occurrence was caused solely by the reason of the negligence of the

Defendants, herein, and without any negligence on the part of the Plaintiff contributing thereto.

101.     That no negligence on the part of the Plaintiff contributed to the occurrence alleged

   herein in

any manner whatsoever.

102.     By the reason of the above, Plaintiff TAYLOR O'LEARY brings this action for

conscious pain and suffering, and for economic damages, both general and special, in an amount

that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

103.     By reason of the above, Plaintiff TAYLOR O'LEARY sustained great pain, agony,

injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

104.     That by reason of the foregoing, Plaintiff TAYLOR O'LEARY was caused to sustain

serious injuries and to have suffered pain, shock, and mental anguish; that these injuries and their

effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will

continue to incur, expenses for medical care and attention.

105.     This action falls within one or more of the exceptions set forth in CPLR § 1602,

   and as

such the Defendants are jointly and severally liable pursuant to the exceptions set forth in Article

16 of the CPLR.

106.     Pursuant to CPLR § 1602 (2)(iv), Defendants are jointly and severally liable for all

   of

Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective

of the provisions of CPLR § 1601, by reason of the fact that the Defendants owed Plaintiff

TAYLOR O'LEARY a non-delegable duty of care.

107.     Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all

of

Plaintiff's damages, including but not limited to, Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of its servants, agents, servants, and/or employees.

108.    Pursuant to CPLR § 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic damages, irrespective of the provisions of CPLR § 1601, by reason of the fact that said Defendants acted with reckless disregard for the safety of others.

109.    That as a result of the foregoing, as and for the cause of action Plaintiff, TAYLOR O'LEARY was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **TAYLOR O'LEARY**, demands judgment against the Defendants as to the First, Second and Third causes of action in an amount to be determined at trial, but which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter, together with the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        July 23, 2025

Yours, etc.,

_____
**KENNETH J. ZWEIG, Esq.**
**MULÉ LAW, P.C.**
*Attorneys for Plaintiff*
40 Wall Street, 32nd Floor
New York, New York 10005
(212) 202-0005

Case No.: 1:25-cv-06056

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=================================================

TAYLOR O' LEARY

*Plaintiff(s),*

*-against-*

INVERSIONES ZAHENA S.A., PALACE, HOLDING
S.A DE C.V., HOLDING INTERNACIONAL, S.A. DE C.V.,
HARD ROCK CAFE INTERNATIONAL (STP), INC.,

*Defendant(s).*
=================================================
COMPLAINT AND JURY DEMAND
=================================================

# Mulé Law, P.C.

*Attorneys for*:  Plaintiff(s)
*Office and Post Office Address, Telephone*
40 Wall Street, 32nd
Floor New York,
New York 10005
(212) 202-0005

=================================================
To
Attorney(s) for
_____
Service of a copy of the within
Is hereby admitted.
_____
Attorney(s) for
_____

PLEASE TAKE NOTICE:
□ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within name court on19
□ NOTICE OF SETTLEMENT
that an order of which the within is a true copy
will be presented for settlement to one of the judges of the
within named Court, at
Dated,
Yours, etc.

# Mulé Law, P.C.
=================================================