**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TAYLOR O'LEARY,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**INVERSIONES ZAHENA, S.A., et al.,**<br><br>**Defendant.** | **1:25-cv-6056**<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Taylor O'Leary brings this action alleging negligence, hospitality negligence, and negligent hiring and retention. *See* Compl. Defendants Inversiones Zahena S.A. ("Inversiones") and Hard Rock Cafe International (STP), Inc. ("Hard Rock") (collectively "Defendants") moved to dismiss the Complaint, alleging, among other grounds, lack of subject-matter jurisdiction.

Subject-matter jurisdiction is a "threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (cleaned up). Because Plaintiffs' claims fail the "threshold question" of subject-matter jurisdiction, the Court will not consider the remainder of Defendant's grounds for dismissal. *See Bond*, 762 F.3d 263.

## APPLICABLE LAW

A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional authority to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A court must accept as true all material factual allegations in the complaint and will draw inferences favorable to the party asserting jurisdiction. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (citing *Merritt v.*

*Shuttle, Inc.*, 245 F.3d 182, 186 (2d Cir. 2001) and *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Once challenged, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

The purported basis for this Court's jurisdiction over the action is diversity of citizenship pursuant to 28 U.S.C. § 1332. Compl. ¶¶ 2-3. In relevant part, section 1332(a) provides diversity jurisdiction in civil actions where the amount in controversy exceeds $75,000 and the action is between (1) "citizens of different States" or (2) "citizens of a State and citizens or subjects of a foreign state." Under both the Federal Rules of Civil Procedure and the law of this Circuit, "diversity of citizenship must be apparent from the pleadings." *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967); *accord* Fed. R. Civ. P. 8(a)(1) (complaint must contain "short and plain statement of the grounds for the court's jurisdiction").

**DISCUSSION**

Defendants argue that the parties are not diverse for purposes of diversity jurisdiction because there is not complete diversity. The Court agrees.

Diversity jurisdiction "requires that all of the adverse parties in a suit be completely diverse with regard to citizenship." *Northwell Health, Inc. v. Group Hospitalization and Medical Services, Inc.*, 183 F.4th 78, 88 (2d Cir. 2026) (quoting *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000)) "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-*

*Montaur Life Sciences, LLC. v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 317 (2d Cir. 219) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). A corporation is a "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Schneiderman v. American Chemical Society*, 172 F.4th 158, 167 (2d Cir. 2026) (citing 28 U.S.C. § 1332(c)).

The parties agree that Hard Rock has a principal place of business in, and is consequently a citizen of, the state of Florida. By Plaintiff's own admissions, Defendant Hard Rock Cafe International is incorporated in New York, s*ee* ECF No. 26, at 2; *see also id.* at 10 ("Hard Rock Cafe International (STP), Inc. is a New York domestic corporation" and "Hard Rock is a New York corporation"), and is therefore a citizen of New York as well. Plaintiff is also citizen of New York. *See* Compl. at ¶ 5. Thus, there is no complete diversity between the parties.

Plaintiff argues that "[a] corporation's dual citizenship does not destroy diversity simply because one of its citizenships overlaps with the plaintiffs." ECF No. 26, at 25. Plaintiff provides no support for this statement, and could not. This "argument" is a blatant misstatement of law that contradicts the statute and case law. It is indisputably true that diversity *is* destroyed in such a case. If "either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction." *Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F.Supp.2d 394, 398 (S.D.N.Y. 2000).

Because both Plaintiff and Hard Rock are citizens of New York, there is not complete diversity, and the Court does not have subject-matter jurisdiction.

## CONCLUSION

When a case is dismissed for lack of subject-matter jurisdiction, "Article III deprives federal courts of the power to dismiss the case with prejudice." *Katz v. Donna Karan Co., LLC.*, 872 F.3d 114, 121 (2d Cir. 2017) (alteration omitted) (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)).

Accordingly, this case is **DIMISSED** without prejudice. The Clerk of Court is respectfully directed to terminate ECF No. 25 and close the case.

**SO ORDERED.**

**Dated:** November 13, 2026
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**